# EXHIBIT "A"

Filed
1/2/2019 11:25 AM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2018CVI001576D4

**CAUSE NO. 2018-CVI001576D4**

| | | |
|---|---|---|
| VICTOR HUGO GUTIERREZ | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | 406TH JUDICIAL DISTRICT |
| | § | |
| JOSE GERARDO BUENTELLO | § | |
| SANCHEZ AND CESAR BUENTELLO | § | |
| SANCHEZ DBA BUENTELLO | § | |
| TRUCKING | § | |
| *Defendants* | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **VICTOR HUGO GUTIERREZ,** complaining of JOSE GERARDO

BUENTELLO AND CESAR BUENTELLO SANCHEZ DBA BUENTELLO TRUCKING and for

cause of action would show:

### I. DISCOVERY

This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiff is a resident of Texas.

Defendant, Jose Gerardo Buentello is an individual who may be served with citation at 8537

Tuxpan, Nuevo Laredo, Mexico or wherever found. Plaintiff requests a new citation for this

defendant.

Defendant, Cesar Buentello Sanchez dba Buentello Trucking is a Mexican Trucking company

that may be served with citation by serving its designated process agent for service in the United

States as listed with the United States Department of Transportation, Dora Villarreal Carbajal, 2612

Page 1

Ventura, Laredo, Texas 78040 or wherever found. Plaintiff requests a new citation for this defendant.

### III. JURISDICTION & VENUE

The subject matter in controversy is within the jurisdictional limits of this court. Venue is proper in this county because all or part of the causes of action arose in this County.

### IV. FACTS

On or about January 4, 2017, Plaintiff was traveling northbound in the 7100 block of Santa Maria Avenue in Laredo, Texas when the defendant driver Jose Gerardo Buentello, driving on behalf of defendant Cesar Buentello Sanchez dba Buentello Trucking, traveling southbound in the opposite lane failed to yield the right of way and turned in front of the Plaintiff. The crash caused Plaintiff to suffer serious injuries to several areas of his body.

### V. NEGLIGENCE

On the occasion in question, Defendant Jose Gerardo Buentello operated his vehicle in a negligent manner, in that he violated the duty to which he owed the Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following:

1. Driving without paying enough attention.

2. Failing to control his speed.

3. Failing to steer the vehicle to avoid collision with Plaintiff.

4. Failing to timely apply the brakes to avoid collision with Plaintiff.

5. Failing to allow enough space between vehicles.

6. Failing to keep his eyes on the road at all times.

7. Failing to maintain a single lane

9.      In any combination of two or more of the above.

Additionally, Defendant Cesar Buentello Sanchez dba Buentello Trucking is liable under respondeat superior for the actions of his driver, Jose Gerardo Buentello, who was acting in the course and scope of his employment and in furtherance of Cesar Buentello Sanchez dba Buentello Trucking business interests at the time of the accident. Additionally, and without waiving the foregoing, Defendant Cesar Buentello Sanchez dba Buentello Trucking's was further negligent in hiring and entrusting the vehicle to Jose Gerardo Buentello , when it knew, or should have known, he was improperly trained to operate the subject vehicle.

Each of these acts and omissions, singularly or in a combination with others, constitutes negligence and negligence per se, which proximately caused the occurrence made the basis of this action for the injuries and damages to Plaintiff.

## VI. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, plaintiff requests that all defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## VII. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO CESAR BUENTELLO SANCHEZ DBA BUENTELLO TRUCKING

Under the provisions of Rule 196 of the Texas Rules of Civil Procedure, Plaintiff hereby serves his first requests for production concurrently with his Original Petition, requesting that Defendant Cesar Buentello Sanchez dba Buentello Trucking's disclose within 50 days of the service of this request, the information requested in Plaintiff's First Requests for Production to Defendant Cesar Buentello Sanchez dba Buentello Trucking's below.

For purposes of these requests for production, the  term *document* or *documents* are used in

Page 3

the broadest of sense and include all tangible items of any nature, both original and copies (whether or not identical), and all attachments and appendices thereof and all drafts thereof including, but not limited to, agreements, contracts, communications, correspondence, letters, telegrams, telexes, memorandums, records, reports, books, summaries or other records of personal conversations, minutes, summaries or other records of meetings and conferences, summaries of other records of negotiations, diaries, diary items, calendars, appointment books, time records, visitor records, forecast, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, grafts, maps, charts, tables, accounts, analytical records, consultant reports, appraisals, brochures, pamphlets, circulars, trade letters, press releases, notes, marginal notations, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, print-outs, compilations, tabulations, purchase orders, receipts, orders, confirmations, meetings, checks, cancelled checks, letters of credit, envelopes, folders or similar containers, vouchers, analyses, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disk recordings, voice recordings, video records, film, tape, photographs, punch cards, programs, and data computations from which information can be obtained or translated into usual form (including matter used in data processing) and any other writing or whatsoever description including but not limited to any information contained in any computer, although not yet printed out within the possession, custody or control of the Plaintiffs, their agents, representatives, or attorneys.

## REQUEST FOR PRODUCTION NO. 1

Please produce a complete and full copy of your insurance company's claim file, including any unprivileged correspondence, photographs, videos, statements, or any other unprivileged

documents.

**REQUEST FOR PRODUCTION NO. 2**

A copy of any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendant Jose Gerardo Buentello, Cesar Buentello Sanchez dba Buentello Trucking or the automobile being driven by defendant at the time in question.

**REQUEST FOR PRODUCTION NO.3**

Any and all personnel records of Jose Gerardo Buentello, including but not limited to employee appraisal reports, payroll records, incident records, etc.

**REQUEST FOR PRODUCTION NO.4**

Any and all repair records, damage reports, repair estimates on the 2000 Red International Trailer,  VIN No. 2H5CEAHRBYC076598 involved in the collision on or about January 4, 2017

**REQUEST FOR PRODUCTION NO.5**

Any and all photographs that Defendant has of the scene of the accident, individuals involved, and/or vehicles involved in the collision that are not a part of the claim file requested in Request for Production No. 1 above.  If a privilege is asserted, please produce a privilege log.

**REQUEST FOR PRODUCTION NO.6**

All documents that would reflect the job being performed by Jose Gerardo Buentello  at the time of the accident.

**REQUEST FOR PRODUCTION NO. 7**

A copy of the record made by any recording device if the vehicle was equipped with any type of recording device if the vehicle was equipped with any type of recording device for recording speed, time and/or engine revolutions per minute.

**REQUEST FOR PRODUCTION NO. 8**

All documentation, medical records, or other papers reflecting physical examination of the driver Jose Gerardo Buentello .

**REQUEST FOR PRODUCTION NO 9**

For purposes of inspection, photographing, and making measurements, please produce the subject Caravan that was being used at the time in question for inspection.

**REQUEST FOR PRODUCTION NO 10**

Copy of driver Jose Gerardo Buentello 's driver's license.

**REQUEST FOR PRODUCTION NO 11**

A copy of the title to the defendant's vehicle.

**REQUEST FOR PRODUCTION NO 12**

Any and all experts' reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert. If any such expert has not prepared a report, request is hereby made that one be prepared and furnished to Plaintiff's attorney.

**REQUEST FOR PRODUCTION NO 13**

Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

**REQUEST FOR PRODUCTION NO. 14**

Any and all work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

**REQUEST FOR PRODUCTION NO. 15**

A curriculum vitae or resume for each individual whom you may call as an expert witness at the trial o this case.

**REQUEST FOR PRODUCTION NO. 16**

All documents or tangible things prepared by an expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

**REQUEST FOR PRODUCTION NO. 17**

A copy of any damage appraisal made of defendant's vehicle.

**REQUEST FOR PRODUCTION NO. 18**

A copy of any repair invoice of the defendant's vehicle.

**REQUEST FOR PRODUCTION NO. 19**

Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiffs hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiffs hereto and contemporaneously recorded.

**REQUEST FOR PRODUCTION NO. 20**

Any and all drawings, maps or sketches of the scene of the accident which has been made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 21**

A copy of any contract of employment that would govern any relationship with any other party or bear on the issue of scope of employment.

**REQUEST FOR PRODUCTION NO. 22**

A copy of any surveillance movies or photographs which have been made of the plaintiff.

**REQUEST FOR PRODUCTION NO. 23**

Copies of any witness statements that are relevant to the collision in question that are not privileged by law.

**REQUEST FOR PRODUCTION NO. 24**

A copy of any movies, videotape or other reproduction of the accident scene.

**REQUEST FOR PRODUCTION NO.25**

A copy of any survey or plat made of the accident scene.

**REQUEST FOR PRODUCTION NO 26**

Any and all books, documents, photographs, or other tangible things which may by used at the time of trial, which may give a bearing on this cause of action.

**REQUEST FOR PRODUCTION NO. 27**

A copy of any and all maintenance records for the subject defendant's vehicle involved in this case, including but not limited to maintenance records for a period of 3 years prior and leading up to the accident.

**REQUEST FOR PRODUCTION NO. 28**

A copy of any materials regarding safety meetings prior to the subject accident wherein any mention of the subject vehicle was made.

**REQUEST FOR PRODUCTION NO. 29**

Any and all documents that would constitute a criticism of the subject defendant's vehicle performance, maintenance, or any other problem or complaint made of the subject defendant truck.

**REQUEST FOR PRODUCTION NO 30**

Any and all statement taken from anyone involved in this accident.

**REQUEST FOR PRODUCTION NO 31**

Please produce any and all records and/or documents obtained through Deposition on Written Questions.  Plaintiff's counsel will reimburse for the reasonable cost of duplicating any records obtained by this Defendant by Written Question in response to this request.

**REQUEST FOR PRODUCTION NO 32**

Please provide copies of any and all inspection report violations for the subject defendant vehicle for a period of 3 years prior to the accident and all inspection report violations for the subject vehicle since the date of accident.

**REQUEST FOR PRODUCTION NO 33**

Copy of all the logbooks for subject driver Jose Gerardo Buentello for the four weeks leading up to the accident.

## VIII. PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT CESAR BUENTELLO SANCHEZ DBA BUENTELLO TRUCKING

Under the provisions of Rule 197 of the Texas, Plaintiffs hereby serves their first set of interrogatories concurrently with their Original Petition, requesting that Defendant Cesar Buentello Sanchez dba Buentello Trucking's disclose within 50 days of the service of this request, the information requested in Plaintiff's First Interrogatories below:

Page 9

**INTERROGATORY NO. 1:**

Please state the full name, address, occupation, and present employment of the person answering these interrogatories as well as the full name, address, occupation, and present employment of any person assisting in the answering of these interrogatories.

**INTERROGATORY NO. 2:**

Please state the name and address of each person, including experts, having any knowledge of relevant facts relating to the incident which is the basis of this lawsuit, the cause thereof, or the damages resulting therefrom.

**INTERROGATORY NO.3:**

Please state the name and address of each expert consulted whose report or work product will be relied upon in whole or in part, by any expert witness who you may call at the trial of this case

**INTERROGATORY NO. 4:**

Please state whether or not you have a copy of any statement which the plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody, or control.

For the purpose of this question, a statement previously made is: (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**INTERROGATORY NO. 5**

Describe any insurance agreement under which any insurance business may be liable to

satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**INTERROGATORY NO. 6**

Please state whether Defendant Jose Gerardo Buentello  was in the course and scope of his employment with Cesar Buentello Sanchez dba Buentello Trucking , if not, who he was working for on the day of the accident on or about January 4, 2017.

**INTERROGATORY NO. 7**

With respect to the subject vehicle driven by Defendant Jose Gerardo Buentello  at the time of this collision, please state the registered owner of said vehicle, the legal owner of said vehicle, and if the vehicle was being driven by Defendant Jose Gerardo Buentello  as an agent, servant, or employee of the owner of said vehicle for either a personal or business matter.

**INTERROGATORY NO. 8**

At the time of the collision in question, what was the condition of the brakes, signaling device, tires, and steering apparatus of said vehicle?

**INTERROGATORY NO. 9**

During the years preceding the accident, please state for each prior repair made on the vehicle in question the nature and extent of the repair made, the cost, the date repair was made, the name, address, and business of the person or firm making such repairs.

**INTERROGATORY NO. 10**

What, if anything, has been done to the vehicle in question or any part thereof since the date of the collision to the present time, including any dismantling, remodeling, change or repair?

**INTERROGATORY NO. 11:**

At the time of the collision, please state the nature of any job, task or undertaking which the operator, Jose Gerardo Buentello , was performing for this defendant.  In your answer, please include the nature of the job task or tasks being performed, whether or not Jose Gerardo Buentello  was on your payroll at the time of the collision in question, and the purpose of the trip being made.

**INTERROGATORY NO. 12:**

Please state the name of any potential party to this lawsuit, not already a party hereto.

**INTERROGATORY NO. 13:**

State the name, address and qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

**INTERROGATORY NO. 13:**

Please describe any inspection violations for the subject vehicle driven by Jose Gerardo Buentello for the period prior to this accident, and all inspection violations for the subject tractor trailer that have been observed or reported since the subject accident.

### IX. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO

### JOSE GERARDO BUENTELLO

Under the provisions of Rule 196 of the Texas Rules of Civil Procedure, Plaintiff hereby serves his first request for production concurrently with his Original Petition, requesting that the Defendant disclose within 50 days of the service of this request, the information requested in

Plaintiff's First Request for Production below:

**REQUEST FOR PRODUCTION NO.1:**

All photographs, slides, negatives, videos of which you have knowledge, either directly or indirectly, or within the knowledge of your attorneys, of any object you consider relevant to this lawsuit. This requests also refers to any movies or motion pictures as still photographs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.2:**

All statements or documents of any kind obtained from the Plaintiff or any agents or representatives of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.3:**

All documents or reports, including graphs, notes, studies, photographs to which you or your attorney have access that have been made by any person who may be called upon to offer any expert opinion in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.4:**

All photographs, books, accounts, writings, drawings, graphs, charts and photographs material to this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.5:**

Produce your Texas operator's license currently in effect. Produce a copy of your Texas operator's license in effect on the date of the incident made the basis of this lawsuit. If you do not

have a Texas Driver's License, then please produce a copy of any Driver's License you currently have and which you had on the date of the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.6:**

Produce any and all accident reports or incident reports relating to the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.7:**

Produce any and all medical records relating to any treatment or injuries you received as a result of the incident alleged in your lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.8:**

Produce any and all accident reports or incident reports relating to any prior or subsequent accidents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.9:**

Produce any and all cell phone records for, any and all phones owned, used, or controlled by you on the date of the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

Please produce any and all records and/or documents obtained through Deposition on Written Questions.

Page 14

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

A copy of the title to the vehicle Defendant was driving at the time in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**

Any and all photographs that defendant has of the vehicle, parties, scene in question following the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**

Any and all drawings, maps, or sketches of the scene of the accident which has been made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**

A copy of any contract of employment that would govern relationship with any other party or bear on the issue of scope of employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**

A copy of any letter, memo, or document relating to any settlement agreement between Defendants, where multiple defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**

A copy of any surveillance movies, photos, etc., of both Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**

A list of the names and addresses of witnesses with knowledge of facts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**

A curriculum vitae or resume for each individual whom you may call as an expert witness at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**

A copy of the damage appraisal made of the Defendant's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**

Please produce a complete and full copy of your insurance company's claim file, including any unprivileged correspondence, photographs, videos, statements, or any other unprivileged documents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**

All documents or tangible things prepared by an expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**

A copy of any survey or plat made of the accident scene.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**

Any and all books, documents, photographs, or other tangible things which may by used at the time of trial, which may give a bearing on this cause of action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**

Please provide a copy of any traffic citation you received as a result of this accident, as well as any court documents generated as a result of the citation or court appearances you made as a result of this accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**

Please provide a copy of any traffic citations you received as a result of operating a commercial vehicle anywhere in the country fora period of 7 years prior and leading up to the accident.

**REQUEST FOR PRODUCTION NO. 26**

Please provide a copy of any traffic citations you have received as a result of operating a commercial vehicle anywhere in the country since the date of the accident.

**REQUEST FOR PRODUCTION NO. 27**

Please provide a copy of any inspection report violations you have received while operating this subject vehicle.

**X. PLAINTIFFS' FIRST SET OF INTERROGATORIES TO**

Page 17

**DEFENDANT JOSE GERARDO BUENTELLO**

Under the provisions of Rule 197 of the Texas, Plaintiff hereby serves his first request for interrogatories concurrently with his Original Petition, requesting that Defendant Jose Gerardo Buentello  disclose within 50 days of the service of this request, the information requested in Plaintiff's First Set of Interrogatories below:

**INTERROGATORY NO. 1**

Please state your full name, address, and present employment.

**INTERROGATORY NO. 2**

State whether or not you were the operator of a vehicle which was involved in a collision on January 4, 2017.

**INTERROGATORY NO. 3**

Please state whether you have had any previous accidents to this accident, and if so, describe the circumstances of those previous accidents.

**INTERROGATORY NO. 4**

State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

**INTERROGATORY NO. 5**

State the name and address of each person, including experts, having any knowledge of relevant facts related to the collision which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**INTERROGATORY NO. 6**

State the name and address of any potential party to this lawsuit, not already a party hereto.

**INTERROGATORY NO. 7**

State the name, address and qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter concerning which the expert will testify, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

**INTERROGATORY NO. 8**

Please state the name and address of any consulting expert whose report or work product was reviewed by a testifying expert witness in this case.

**INTERROGATORY NO. 9**

Please state whether or not you have a copy of any statement that the plaintiff has previously made concerning the action or its subject matter and that is in your possession, custody or control.

For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**INTERROGATORY NO. 10**

Describe in your own words how the collision occurred and state specifically and in detail the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

**INTERROGATORY NO. 11**

State the speed of the vehicle you were operating at the time this accident occurred at all times material to the collision in question, including specifically your speed at the time of impact, and if your brakes were on at the time of impact, please state your speed before applying your brakes.

**INTERROGATORY NO. 12**

State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the 48-hour period immediately proceeding the collision.

**INTERROGATORY NO. 13**

Describe in detail what damage, if any, was done to the vehicle you were operating as a result of this collision, and give the cost of repair to your vehicle.

**INTERROGATORY NO. 14**

Describe what injuries, if any, you received in the collision.

**INTERROGATORY NO. 15**

Describe in detail any conversations you had with the plaintiffs or plaintiffs' representative following the collision in question.

**INTERROGATORY NO. 16**

State your date of birth, driver's license number, social security number, VISA Number, work permit number, and what other names you have gone by during your lifetime.

**INTERROGATORY NO. 17**

Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

**INTERROGATORY NO. 18**

Describe any traffic citation you received as a result of the this collision by stating the name and location of the Court involved, the violation of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

**INTERROGATORY NO. 19**

State whether or not you were acting within the course and scope of any agency, employment, or service at the time of the collision, and describe the type of relationship of the persons or companies involved.

**INTERROGATORY NO. 20**

Describe any criminal record you may have, including the nature of the charge, date and place of arrest, and conviction, if any.

**INTERROGATORY NO. 21**

As to each motor vehicle accident you have been involved in and each traffic violation for which you either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information:

 a. Where it occurred (State, City, County, Court)

 b. When it occurred (Month, Day, Year)

 c. All injuries claimed and when and where any claims or suits were filed.

 d. Final disposition or current status of each traffic violation and accident

**INTERROGATORY NO.22**

Give the name, address, telephone number, and official title of each person and their firm, company, corporation or governmental agency to whom you have made any written or recorded statements about the accident in question and give the date(s) that each such statement was made and

whether it was in writing or was recorded.

**INTERROGATORY NO. 23**

If you deny any admission outlined below in Plaintiff's First Requests for Admission, please provide the basis for any said denial.

## XI. FIRST REQUESTS FOR ADMISSION TO

## DEFENDANT JOSE GERARDO BUENTELLO

Please be advised that pursuant to Rule 198 of the Texas Rules of Civil Procedure, the matters set forth below are admitted without necessity of a court order unless within fifty (50) days after service of this request you serve upon the Plaintiff's attorney the Lawrence Law Firm at 3112 Windsor Rd., Suite A234, Austin, Texas 78703 a written answer or objection addressed to the matter.  Your answer shall specifically admit or deny the matter or set forth in detail the reason that you cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance of the request for admission and when good faith requires that you qualify the answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true or qualify or deny the remainder.  You may not give lack of information or knowledge as a failure to admit or deny unless you state that you have made reasonably inquiry and that the information known or easily obtainable by you is insufficient to enable you to admit or deny.  Further, any matter admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

**REQUEST FOR ADMISSION NO. 1**

Do you admit or deny that on January 4, 2017, a collision occurred between an automobile driven by you and an automobile driven by Victor Huge Gutierrez in Webb County, Texas.

**REQUEST FOR ADMISSION NO. 2**

Do you admit or deny that at the time of the collision in question, the vehicle being driven by you was owned or leased by CESAR BUENTELLO SANCHEZ DBA BUENTELLO TRUCKING?

**REQUEST FOR ADMISSION NO. 3**

Do you admit or deny that at the time of the collision in question, the vehicle being driven by you was owned or leased by the Defendant Jose Gerardo Buentello?

**REQUEST FOR ADMISSION NO. 4**

Do you admit or deny that you failed the right of way to Plaintiff's vehicle causing this accident?

**REQUEST FOR ADMISSION NO. 5**

Do you admit or deny that on January 4, 2018, you were employed by CESAR BUENTELLO SANCHEZ DBA BUENTELLO TRUCKING ?

**REQUEST FOR ADMISSION NO. 7**

Do you admit or deny that you are at fault for the accident complained of in this Petition?

**REQUEST FOR ADMISSION NO. 8**

Do you admit or deny that you had consumed an intoxicating beverage in the 24 hours prior to the accident which underlies this claim?

**REQUEST FOR ADMISSION NO. 9**

Do you admit or deny that you had taken medication in the 24 hours prior to the accident which underlies this claim?

**REQUEST FOR ADMISSION NO. 10**

Page 23

Do you admit or deny that you were behind schedule on the date of the accident?

**REQUEST FOR ADMISSION NO. 11**

Do you admit or deny that you were not paying attention to the road when the accident occurred?

**REQUEST FOR ADMISSION NO 12**

Do you admit or deny that this was a violent accident?

**REQUEST FOR ADMISSION NO. 13**

Do you admit or deny that you are at fault for this accident?

**REQUEST FOR ADMISSION NO. 14**

Do you admit or deny that your eyes were off the road when the accident occurred?

**REQUEST FOR ADMISSION NO. 15**

Do you admit or deny that Plaintiff is not at fault for this accident?

**REQUEST FOR ADMISSION NO. 16**

Do you admit or deny that Plaintiff's vehicle sustained damage as a result of this accident?

**REQUEST FOR ADMISSION NO. 17**

Do you admit or deny that you your vehicle impacted the Plaintiff's vehicle?

**REQUEST FOR ADMISSION NO. 18**

Do you admit or deny that you have been cited in the past while driving a commercial vehicle?

**REQUEST FOR ADMISSION NO. 19**

Do you admit or deny that the vehicle you were driving at the time of this accident has been cited for inspection violations since the date of the accident.

**REQUEST FOR ADMISSION NO. 20**

Do you admit or deny that the vehicle you were driving at the time of this accident has been cited for inspection violations before the date of the accident.

## XII. DAMAGES

Plaintiff Victor Hugo Gutierrez has suffered and will continue to suffer the following damages:

1. Pain and anguish in the past;

2. Pain and anguish in the future;

3. Medical expenses in the past;

4. Medical expenses in the future;

5. Loss of earning capacity in the past;

6. Loss of earning capacity  in the future;

7. Physical impairment in the past; and

8. Physical impairment in the future.

In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief of over one million dollars.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff asks that the Defendants be cited to appear and answer herein, and that upon a final trial of this cause, judgment be entered in favor of the Plaintiff, pre-judgment and post-judgment interest, costs of court, and such other relief to which the Plaintiff may be justly entitled.

**PLAINTIFF HEREBY REQUESTS A JURY TRIAL AND TENDERS THE APPROPRIATE FEE.**

Page 25

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152  FAX
Lawrencefirm@gmail.com

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
ATTORNEYS FOR PLAINTIFF

Filed
5/23/2019 2:35 PM
Esther Degollado
District Clerk
Webb District
Veronica Valenzuela
2018CVI001576D4

(2019-127)

CAUSE NO. 2018CVI001576D4

| | | |
|---|---|---|
| VICTOR HUGO GUTIERREZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| JOSE GERARDO BUENTELLO | § | 406TH JUDICIAL DISTRICT |
| SANCHEZ AND CESAR BUENTELLO | § | |
| SANCHEZ d/b/a BUENTELLO | § | |
| TRUCKING | § | WEBB COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants, JOSE GERARDO BUENTELLO SANCHEZ and CESAR BUENTELLO SANCHEZ d/b/a BUENTELLO TRUCKING, and hereby make and file this their Original Answer to Plaintiff's Original Petition, and in support hereof would show the Court as follows:

I.

## GENERAL DENIAL

Defendants deny each and every, all and singular, the allegations in Plaintiff's Original Petition, and say that they are not true, in whole or in part, and demand strict proof thereof on the trial of this cause.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, JOSE GERARDO BUENTELLO SANCHEZ and CESAR BUENTELLO SANCHEZ d/b/a BUENTELLO TRUCKING, respectfully pray that Plaintiff take nothing from these Defendants and that the Court enter a judgment dismissing all claims against these Defendants with prejudice and awarding all costs of court and expenses incurred herein, and for such other and further relief, at law and in

equity, general or special, to which these Defendants might show themselves to be justly entitled to receive.

Respectfully submitted,

HODGE & JAMES, L.L.P.
Attorneys at Law
P.O. Box 534329 (78553)
1617 E. Tyler Ave., Suite A
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707

/s/ Anthony B. James
Anthony B. James
State Bar No. 10537300
Email: ajames@hodgejames.com

*Attorneys for Defendants JOSE GERARDO BUENTELLO SANCHEZ and CESAR BUENTELLO SANCHEZ d/b/a BUENTELLO TRUCKING*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Defendants' Original Answer, has been served on the 23rd day of May, 2019 to all attorneys of record electronic mail as follows:

Email: lawrencefirm@gmail.com
Larry W. Lawrence, Jr.
Lawrence Law Firm
3112 Windsor Rd., Suite A234
Austin, Texas 78703

*Attorney for Plaintiff*

/s/ Anthony B. James
Anthony B. James